UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GRANDON REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00034-WTL-MJD |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Grandon Reed for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVD 15-10-0134. For the reasons explained in this Entry, Mr. Reed's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On October 27, 2015, Investigator McDonald wrote a Conduct Report charging Mr. Reed with possession of an electronic device. The Conduct Report states:

> On 10-22-15 I reviewed video recordings of Reed in PK, the video shows that on October 3, 2015 at approximately 5:30 am Grandon Reed was retrieving a cell phone from his crotch area and then holding the cell phone in view of the camera.
>
> This investigation was started on 10-19-2015 and concluded 10-27-15.

Dkt. No. 10-1 at 1. A Report of Investigation was also completed and states:

> 10-19-2015 Informant 15wvc1015#27 told me that Offender Grandon Reed had a cell phone and that he takes it to work at PK everyday. On 10-22-2015 I reviewed video of Offender Reed in the PK area and on 10-03-15 at 5:30 am Offender Reed removed a cell phone from the crotch area of his clothing. The video shows Reed with the cell phone in his hand, then hiding it back in the same area of his clothing.
>
> This investigation was started on 10-19-2015 and concluded on 10-27-2015.

Dkt. 10-2 at 1.

Mr. Reed was notified of the charge on October 29, 2015, when he received the Screening Report. He plead not guilty to the charge. He requested the video evidence of the incident. Mr. Reed was not provided the video evidence, but a written summary of the video evidence was prepared. The summary states that Mr. Reed can be seen retrieving a cellphone from his jumpsuit, looking at it for a few second, and then placing it back into his jumpsuit. Dkt. 10-4 at 1.

A hearing was held on November 5, 2015. Mr. Reed provided a written statement that denied the charges. Investigator McDonald was sworn during the hearing and testified that the confidential informant used in the case was a reliable source based on the credibility of past information. Based on Mr. Reed's statement, the staff reports, the Report of Investigation, the video summary, and the video footage itself, the hearing officer found Mr. Reed guilty of

possessing an electronic device. The hearing officer recommended and approved the following sanctions: ninety-day earned-credit-time deprivation and a credit class demotion. Dkt. 10-6 at 1.

Mr. Reed appealed to Facility Head and then the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Reed raises four issues in his habeas petition: (1) whether it was improper to deny him the allegedly exculpatory video footage or a still picture from the video; (2) whether the confidential informant was sufficiently reliable; (3) whether there was sufficient evidence to establish his guilt; and (4) whether he was provided an adequate written basis for the decision. The Court will address each claim in turn.

*1. Exculpatory Video Evidence*

Mr. Reed contends that he was entitled to view the video evidence or at least view a still picture from the video that showed him in possession of a cellphone, as this was exculpatory evidence. To the extent that this claim is based on Indiana Department of Correction ("IDOC") Policy, violation of IDOC policy is not a basis for habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding

because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

To the extent that Mr. Reed contends he was improperly denied exculpatory evidence, "procedural due process require[s] prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of the [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* (citation and quotation marks omitted). Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

The Court has reviewed the video evidence and a still photo taken from the video evidence, which were submitted *ex parte* by the respondent. Both clearly show Mr. Reed in possession of a cell phone. Therefore, this evidence was not exculpatory, and thus the denial of it to Mr. Reed could not have violated his due process rights. But even if the evidence was exculpatory, the hearing officer viewed the tape, which is all that due process requires. *See Outlaw v. Anderson*, 29 Fed. Appx. 372, 374 (7th Cir. 2002) ("If the CAB considered the potentially exculpatory evidence, due process does not mandate that the CAB permit the *prisoner* to view it as well."); *see also White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).

For all of these reasons, Mr. Reed is not entitled to relief on this claim.

### 2. *Confidential Informant*

Mr. Reed challenges the hearing officer's reliance on the confidential informant in finding him guilty. "In order to guarantee the inmate's right to a fair hearing, . . . a prison disciplinary board must accompany the use of a confidential informant's testimony with an indication that the informant is reliable." *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995); *see Allen v. Parke*, 114 Fed. Appx. 747, 751 (7th Cir. 2004). "Reliability can be established based on (1) the oath of the investigating officer as to the truth of his report, (2) corroborating testimony, (3) a statement on the record that the chairman of the CAB had firsthand knowledge of the sources and considered them reliable based on a past record of reliability, or (4) an *in camera* review of material documenting the investigator's assessment of the credibility." *Ashby v. Davis*, 82 Fed. Appx. 467, 471 (7th Cir. 2003) (citing *Whitford*, 63 F.3d at 535-36).

Here, the reliability of the confidential informant was established in at least two different ways. First, Investigator McDonald testified under oath regarding the trustworthiness of the confidential informant. Second, the video evidence corroborated exactly what the confidential informant said—that Mr. Reed had a cellphone. Accordingly, the reliability of the confidential informant was sufficiently established, and Mr. Reed's due process rights were not violated by the hearing officer's reliance on the informant.

### 3. *Sufficiency of the Evidence*

Mr. Reed contends that there was insufficient evidence to find him guilty of possessing an electronic device. This claim is primarily based on the alleged lack of physical evidence or photo of him possessing a cell phone.

The "some evidence" standard applied to challenges regarding the sufficiency of the evidence is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Here, there was clearly "some evidence" supporting the hearing officer's finding. Not only did the hearing officer have the evidence of guilt from the Conduct Report and Investigation Report, which alone can "provide[] 'some evidence' for the . . . decision," *McPherson*, 188 F.3d at 786, he also had video evidence that showed Mr. Reed with a cell phone. As noted above, the Court reviewed the video and photo evidence submitted, both of which show Mr. Reed in possession of a cell phone. For these reasons, Mr. Reed is not entitled to habeas relief on this claim.

### 4. Adequate Written Decision

Mr. Reed argues that his due process right to a written decision by the hearing officer was violated. Most relevant is Mr. Reed's contention that there was no explanation provided regarding why the hearing officer credited the written reports of the officers over his own statements.

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* But "[o]rdinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement." *Saenz*

*v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987). The purpose of this requirement is to allow "a reviewing court . . . [to] determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." *Id.*

Although the written statement in this case was brief, it was sufficient to comport with due process. When a case is "particularly straightforward," the hearing officer need "only to set forth the evidentiary "basis and reasoning for the decision." *Jemison v. Knight*, 244 Fed. Appx. 39, 42 (7th Cir. 2007); *see Scruggs*, 485 F.3d at 941; *Saenz*, 811 F.2d at 1174. This disciplinary proceeding was about as straightforward as they come, absent a confession. The hearing officer not only had statements from officers and a confidential informant, but there was video evidence showing Mr. Reed in possession of a cell phone. When a case is this straightforward, a simple statement by the hearing officer as to the evidence on which he relied in making the decision is sufficient. *See Jemison*, 244 Fed. Appx. at 42 (holding that the hearing officer's statement "that it relied on staff reports and [the inmate's] own statement at the hearing" was sufficient because the hearing officer "had only to weigh [the officer's] statement against [the inmate's]"); *see also Saenz*, 811 F.2d at 1174; *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987). This is precisely what the hearing officer did here, when the hearing officer stated he relied on the staff reports, Mr. Reed's statements, and the video evidence in reaching his decision. Accordingly, an adequate written statement was provided, and Mr. Reed is not entitled to habeas relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Reed to the relief he seeks.

Accordingly, Mr. Reed's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/16/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov

GRANDON REED
942222
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only